# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY TAKKI, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 18-10099-FDS |
| BETH ISRAEL DEACONESS HOSPITAL-PLYMOUTH, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**SAYLOR, J.**

This is an action for wrongful termination. Plaintiff Mary Takki was employed as a pharmacist for 40 years by defendant Beth Israel Deaconess Hospital-Plymouth. On June 21, 2016, Takki cut the hair of a coworker, apparently without her consent. Beth Israel's human resources department then investigated the incident, culminating in Takki's resignation on July 12, 2016.

Takki brought suit against Beth Israel in state court, alleging state-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant removed the action to this Court on the basis that the claims were preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

Beth Israel has moved for summary judgment, and Takki has moved to amend the complaint to assert a claim under the LMRA. For the following reasons, plaintiff's motion to amend will be granted, and defendant's motion for summary judgment will be denied as moot.

## I. Background

### A. Factual Background

The following facts are as set forth in the record and appear to be undisputed. The Court will draw heavily from factual findings made by the Massachusetts Department of Unemployment Assistance, attached as plaintiff's Exhibit A.

Mary Takki worked as a pharmacist for Beth Israel from June 26, 1976, to July 12, 2016. (Compl. ¶ 1). At all relevant times, she was represented by the 1199 SEIU United Healthcare Workers East union, and the terms and conditions of her employment were governed by a collective bargaining agreement. (Melvin Aff. ¶¶ 3-4).

On June 21, 2016, one of Takki's coworkers arrived to work with "windblown" hair. (Pl. Ex. A ¶ 5). Takki told her coworker, whom she had worked with for approximately 30 years, that "I can fix your hair for you." (*Id.* ¶¶ 5-6). The coworker responded, "sure, go ahead." (*Id.* ¶ 6). Takki then cut the coworker's hair with a pair of scissors. (*Id.*).

The two worked together without incident for the following two days. (*Id.* ¶¶ 10-11). However, news of the haircut quickly spread. On June 23, 2016, the Director of Pharmacy and a human resources manager questioned the coworker. (*Id.* ¶ 13). The coworker stated that she had not intended that Takki cut her hair, and was surprised when she did so. (*Id.*).

Takki was on vacation from June 24 to July 11, 2016. (*Id.* ¶ 14). After she returned, she met with the Director of Pharmacy, the human resources manager, and a union representative. (*Id.* ¶ 15). She admitted to cutting the coworker's hair, but stated that she had misunderstood her intentions. (*Id.*). The following day, on July 12, 2016, the human resources manager informed Takki that her employment would be terminated for cause because she had violated the hospital's workplace violence policy. (*Id.* ¶ 16). The parties agreed, however, that in lieu of termination,

Takki would sign a resignation agreement, agreeing to "waive any rights either [she] or the union may have under the collective bargaining agreement . . . to file a grievance or arbitration in connection with the [haircut incident and separation of employment]." (*Id.* ¶ 17; Def. Ex. E).

### B. Procedural Background

Takki filed suit against Beth Israel in Plymouth Superior Court on December 19, 2017. The complaint asserted state-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Beth Israel timely removed the action to this Court on January 18, 2018, alleging that both claims were preempted by the LMRA.

Beth Israel has moved to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment. In her opposition, Takki also moved to amend the complaint to add a claim under the LMRA.[1] Because Beth Israel submitted documents outside the pleadings, on April 9, 2018, the Court entered an order converting the motion to dismiss into a motion for summary judgment, and invited the parties to submit additional evidence or legal argument by May 4, 2018. No additional filings, however, have been submitted.

## II. Summary Judgment Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational fact finder to

---

[1] The motion mistakenly seeks to add a claim "under Section 301 of the collective bargaining agreement." (Mot. to Amend at 1).

resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotations omitted). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

### III. <u>Preemption Analysis</u>

Under Section 301 of the LMRA, federal courts have jurisdiction to entertain "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). Courts have ascribed to this statute a broad preemptive scope, understanding federal courts to have original jurisdiction over any claims founded on rights created by a CBA or that "arguably hinge[ ] upon an interpretation" of a CBA. *Flibotte v. Pennsylvania Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *DiGiantommaso v. Globe Newspaper Co., Inc.*, 632 F. Supp. 2d 85, 88 (D. Mass. 2009).

Here, the only contract referred to in the complaint is the CBA, and it is undisputed that contract governed the terms and conditions of plaintiff's employment. The complaint alleges that defendant lacked "cause" to terminate plaintiff. (Compl. ¶¶ 13, 15). Article 15 of the CBA allows defendant to terminate an employee for "just cause." (Def. Ex. B). Whether plaintiff was terminated for "just cause" necessarily requires an interpretation of the CBA.[2] Therefore, the

---

[2] Article 11 of the CBA sets forth disciplinary procedures for employees. (Def. Ex. A). Article 12 specifies a grievance and arbitration process for employees. (Def. Ex. F).

4

breach of contract claim is preempted by Section 301 of the LMRA. *See Quensel v. Prudential Ins. Co.*, 66 F.3d 8, 11-12 (1st Cir. 1995) ("It is well-established that § 301 completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement.").

Similarly, whether defendant breached the implied covenant of good faith and fair dealing necessarily turns on whether it had "just cause" to terminate plaintiff, as required by Article 15 of the CBA. *See Rogers v. NSTAR Elec.*, 389 F. Supp. 2d 100, 107 (D. Mass. 2005) ("[I]t is the meaning of that Article that must be determined when one is deciding whether the implied covenant of good faith and fair dealing has been breached."); *Mulvihill v. Spalding Sports Worldwide, Inc.*, 184 F. Supp. 2d 99, 103 (D. Mass. 2002) ("It is hard to see how a claim for breach of an implied covenant of good faith could be resolved without an analysis of, or the determination of the meaning of, 'proper cause' in the employment agreement"). Therefore, the claim for violation of the implied covenant of good faith and fair dealing is also preempted, and the state-law claims will be dismissed.[3]

## IV. Motion to Amend

Plaintiff has also moved to amend the complaint to assert a Section 301 claim under the LMRA. Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be "freely give[n] . . . when justice so requires." However, courts have discretion to deny leave to amend for several reasons, including "futility of amendment." *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief

---

[3] Because the Court finds that the state-law claims are preempted, it will not address defendant's arguments that the complaint fails to state a claim and that the resignation agreement executed between plaintiff, the union, and defendant bars the state-law claims.

5

could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). The court must review a proposed amended complaint for futility under the "standard [that] applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

Defendant's sole basis for opposing the motion is that plaintiff's proposed claim is time-barred, because a six-month limitations period applies and the amendment would be futile. (Opp. to Mot. to Amend at 3). In support, defendant cites *Adorno*, in which the First Circuit stated that the six-month limitations period of Section 10(b) of the National Labor Relations Act applies to "hybrid" actions brought under Section 301 of the LMRA. *Adorno*, 443 F.3d at 126; *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983); *Cullen v. Henry Haywood Mem'l Hosp.*, 95 F. Supp. 3d 130, 135 (D. Mass. 2015).[4] A "hybrid" action is one alleging both that the employer breached the CBA in violation of Section 301 and that the union breached its duty of fair representation in violation of Section 10(b).

However, this case is not a hybrid action in its current form. The facts and procedural posture of this case are similar to *DeGrandis*, where the First Circuit held that the Massachusetts six-year limitations period for breach of contract actions was applicable to a Section 301 claim where the plaintiff had "no reason to sue [her] union." *DeGrandis v. Children's Hosp. Boston*, 806 F.3d 13, 19 (1st Cir. 2015). Like the plaintiff in *DeGrandis*, plaintiff here waived any rights to initiate a grievance or arbitration proceeding under the CBA. *Id.* at 17. Therefore, the only avenue left to plaintiff to obtain review may have been to bring a "straightforward breach of contract claim under Section 301 of the LMRA." *Id.* at 18. Here, plaintiff filed her lawsuit about 18 months after her resignation. Accordingly, if this is a "straightforward breach of

---

[4] Section 301 of the LMRA does not specify a limitations period. 29 U.S.C. § 185. By contrast, Section 10(b) of the National Labor Relations Act sets forth a six-month limitations period. 29 U.S.C. § 160(b).

6

contract claim," the Section 301 claim would not be time-barred.

Defendant contends that this action can only proceed as a hybrid action, not as a breach of contract claim. The parties have not, however, had an opportunity to brief that issue. At a minimum, the contract claim under § 301 is plausible, and accordingly the motion to amend will be granted. Defendant's motion for summary judgment will be denied as moot.

## V.     Conclusion

For the foregoing reasons,

1. Plaintiff's motion to amend to assert a claim under Section 301 of the LMRA is GRANTED; and

2. Defendant's motion for summary judgment is DENIED as moot.

**So Ordered.**


/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated: May 16, 2018                                  United States District Judge